UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 18-01975-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 14, 2018, Teresa Ramirez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on December 26, 2018. (Dkt. 14.) On March 28, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 19.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this action dismissed with prejudice.

# BACKGROUND

Plaintiff is a 34 year-old female who applied for Supplemental Security Income benefits on October 1, 2014, alleging disability beginning January 1, 2008. (AR 15.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 1, 2014, the application date. (AR 17.)

Plaintiff's claim was denied initially on June 17, 2015, and on reconsideration on October 22, 2015. (AR 15.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Josephine Arno on August 18, 2017, in Moreno Valley, California. (AR 15.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 15.) Vocational expert ("VE") Sonia L. Peterson also appeared and testified at the hearing. (AR 15.)

The ALJ issued an unfavorable decision on October 24, 2017. (AR 15-24.) The Appeals Council denied review on July 27, 2018. (AR 1-3.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly addressed the treating psychiatrist's opinion.
2. Whether the ALJ properly developed the record.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 1, 2014, the application date. (AR 17.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: post-traumatic stress disorder; history of Bell's palsy; lumbar spine degenerative disc disease and scoliosis; cervical spine degenerative disease; thoracic spine degenerative disc disease; and fibrocystic disease of bilateral breasts. (AR 17.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 17-19.)

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 416.967(b) with the following mental limitations:

> Claimant is able to understand, remember and carry out simple, routine work tasks; may have occasional interaction with co-workers and supervisors; and no contact with the public.

(AR 19-23.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 22.) Plaintiff does not challenge this finding.

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 23.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of cleaner housekeeping, photocopy machine operator, and Mexican food maker (hand). (AR 23-24.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 24.)

## DISCUSSION

### I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The ALJ decision must be affirmed. The ALJ gave specific, legitimate reasons supported by substantial evidence for rejecting the opinion of the treating psychiatrist. The ALJ properly developed the record. The ALJ's RFC is supported by substantial evidence.

**A.   Relevant Federal Law**

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence

in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot

by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     The ALJ Properly Considered The Medical Evidence**

Plaintiff Teresa Ramirez alleges disability due to mental impairments.[1]  (AR 19.)  She finds it difficult to follow instructions because she forgets and has anxiety and panic attacks. (AR 19.)  The ALJ did find that Plaintiff has the medically determinable severe impairment of post-traumatic stress disorder ("PTSD") stemming from abuse.  (AR 17, 18.)  The ALJ, however, also found that Plaintiff could perform light work "except the claimant is able to understand, remember and carry out simple routine work tasks; may have occasional interaction with coworkers and supervisors; and no contact with the public."  (AR 19.)  Thus, the ALJ found that Plaintiff is not disabled.  (AR 24.)

The ALJ summarized the objective mental health evidence.  (AR 20-21.)  Plaintiff has been under treatment at Riverside County Mental Health for her PTSD.  (AR 20.)  There were no psychiatric hospitalizations during the relevant period.  (AR 20.)  The ALJ found that Plaintiff's treatment had been relatively effective, based on examination findings and treatment notes.  (AR 20.)  In January 2014, Plaintiff reported she was doing better with weekly therapy after four months.  (AR 20.)  The mental status examination at the time found Plaintiff to have normal thought processes, no indication of hallucinations or delusions, intact memory except slightly impaired long term memory, and good concentration.  (AR 20.)  Her mental status examination in August 2014 was normal.  (AR 20.)  In January 2015, Claimant's anxiety was lessened and she was able to sustain concentration to stay focused on what she was doing. (AR 20.)  A mental status examination on February 7, 2017, found Plaintiff had normal thought

---

[1] The ALJ also found that Plaintiff had the medically determinable severe physical impairments of lumbar, cervical, and thoracic spine degenerative disc disease.  (AR 17.)  The ALJ assessed a light work RFC to accommodate these impairments.  (AR 21.)  Plaintiff does not challenge the ALJ's physical RFC assessment.

7

processes, slightly impaired concentration, and intact memory. (AR 20-21.) She told her physician that her current medications were helping and causing the least problems for her. (AR 21.) The ALJ did find moderate limitations in mental functioning due to her PTSD, including in social interaction and concentration, persistence, and pace. (AR 18, 22.) Such moderate mental limitations are not per se disabling and do not preclude performance of jobs that involve simple routine tasks. Holland v. Colvin, 2016 WL 928665, at *3 (C.D. Cal. Mar. 4, 2016).

State agency reviewing physicians assessed Plaintiff with an RFC for simple tasks with little or no social demands. (AR 21.) The ALJ found these opinions somewhat consistent with the record evidence as a whole, in that Plaintiff's symptoms while persistent have remained at a stable level with appropriate medical treatment and would not preclude simple routine work tasks. (AR 21.) The ALJ, however, rejected the little or no social contact limitation as excessive. (AR 21.) The ALJ found it was not consistent with findings that Plaintiff was responsive in her interactions and was able to socialize with family members and assist at her son's school. (AR 21.)

In stark contrast to the above evidence, Dr. Jianpeng Wang of Riverside County Mental Health provided two one page medical source statements. (AR 21.) On May 17, 2016, Dr. Wang indicated Plaintiff's symptoms included insomnia, phobias, depression, anxiety, panic episodes, and isolation. (AR 476.) Plaintiff notes that Dr. Wang's mental status exam revealed impaired memory and judgment (JS 3:6-7), but failed to note these impairments were mild. (AR 476.) Dr. Wang found that Plaintiff was unable to maintain a sustained level of concentration or to sustain repetititve tasks for an extended period and that she cannot interact appropriately with co-workers and supervisors. (AR 476.) Dr. Wang opined that Plaintiff would be unable to complete a forty-hour work week without decompensating. (AR 476.) Dr. Wang, however, also noted no hospitalizations, opined Plaintiff had the ability to adapt to new and stressful situations, and was able to manage her own funds. (AR 476.) She had good adherence on medication, had psychotherapy, and was stable in her mental health condition but symptomatic. (AR 476.) Dr. Wang submitted a similar one-page medical source statement

on May 19, 2017. (AR 21, 459.) Dr. Wang, however, opined Plaintiff was unable to adapt to new and stressful situations and was unable to interact appropriately with strangers. (AR 459.)

The ALJ gave little weight to Dr. Wang's opinion. (AR 21.) The ALJ found that Dr. Wang's opinion was "inadequately explained and supported and contrasts sharply with the reporting in the contemporaneous treatment notes which fail to document objective signs or symptoms to support the degree of limitations in the forms." (AR 21.) An ALJ may reject a treating physician's opinion that does not have supportive evidence, is contradicted by other assessments, is not supported by the record as a whole, or is unsupported by or inconsistent with his or her treatment notes. Batson v. Commissioner, 359 F.3d 1190, 1995 and n.3 (9th Cir. 2004); Bayliss, 427 F.3d at 1216.

Dr. Wang's opinions obviously are inconsistent with the objective medical evidence and the opinions of the State agency reviewing physicians described above. His opinions are not supported by and are contradicted by his own treatment notes. Working backward in time, Dr. Wang's February 7, 2017 treatment note reported normal thought process, intact memory, only slightly impaired memory, fair judgment and good insight, and responsive in interactions. (AR 20-21, 370.) His December 1, 2016 note indicated normal thought processes, appropriate mood, judgment, and insight within normal limits, and no risk indicators observed. (AR 454-455.) Plaintiff was not gravely disabled and was symptomatic but stable. (AR 454-455.) Dr. Wang's treatment notes in October 2016, August 2016, and July 2016 were similar. (AR 452-453, 450-451, 448-449.) In April 2016 and October 2015, Plaintiff was described as "doing stable." (AR 444, 446.) These treatment notes are inconsistent with Dr. Wang's opinions in his medical source statements.

The ALJ also discounted Dr. Wang's opinions because they were inconsistent with Plaintiff's own report that she was doing better with weekly therapy and doing well overall. (AR 21.) The ALJ found that Dr. Wang's opinion on Plaintiff's social interaction is undermined by daily activities that include visiting her sister, shopping for groceries, and helping at her son's school. (AR 18, 21.) An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence indicating his or her symptoms are

not as severe as alleged. Bayliss, 427 F.3d at 1216. The ALJ, moreover, discounted Plaintiff's subjective symptom allegations as inconsistent with the treatment notes and her daily activities. (AR 22.) Plaintiff did not challenge the ALJ's finding that her subjective symptom allegations were not entirely consistent with the evidence of record. (AR 22.)

Plaintiff obviously disagrees with the ALJ's rejection of Dr. Wang's medical source statement opinions, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d at 853, 857 (9th Cir. 2001); Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld").

The ALJ discounted Dr. Wang's opinion for specific, legitimate reasons supported by substantial evidence. The ALJ properly considered the medical evidence.

### C. The ALJ Did Not Fail To Develop The Record

Plaintiff contends that the ALJ failed to develop the record. Specifically, Plaintiff contends that the ALJ should have sent her to a consulting examiner or had a medical expert testify. The Court disagrees.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry. Smolen, 80 F.3d at 1288. Here, there was no ambiguity or inadequacy in the record. The ALJ properly rejected the medical source statement opinions of Dr. Wang and relied on the objective medical evidence and the opinions of the State agency reviewers. The objective medical evidence consists of extensive treatment notes, including those of Dr. Wang or approved by Dr. Wang. The records show moderate limitations in mental functioning but that Plaintiff retains adequate social functioning, has normal thought processes, and has intact cognitive functioning. (AR 22.) The record supports the ALJ's RFC that Plaintiff is capable of performing simple routine tasks with occasional interaction with co-workers and supervisors but no public contact. (AR 19, 22-23.)

The ALJ's RFC is supported by substantial evidence. The record was not ambiguous or inadequate for the ALJ to make this determination.

* * *

The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: October 25, 2019

                                              */s/ John E. McDermott*
                                              JOHN E. MCDERMOTT
                                              UNITED STATES MAGISTRATE JUDGE